**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHANNA RUSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DIRECT ENERGY SERVICES, LLC, and | ) |
| DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Johanna Russ brings this action to secure redress for the placement of illegal telemarketing calls to her cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

      a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

      b.      Have transacted or done business in Illinois.

4.      Venue in this District is proper for the same reason.

## PARTIES

5.      Plaintiff Johanna Russ is a resident of the Northern District of Illinois.

6.      Defendant Direct Energy Services, LLC is a Delaware limited liability company. Its registered agent and office is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025, or CT Corporation Services, 208 S. LaSalle Street, Suite 814, Chicago,

IL 60604.

7.     Defendants Does 1-10 are other persons responsible for the calls complained of.

## FACTS

8.     The number (616) 258-2312 is registered and answered by Direct Energy Services, LLC.

9.     Between June 2013 and September 2013, plaintiff received at least 45 telemarketing calls from that number on her cell phone.

10.    Defendants are responsible for each call.

11.    Plaintiff had at one point been a customer of Direct Energy Services, LLC, but cancelled services and stated that she did not want further marketing calls.

12.    Defendants either negligently or wilfully violated the rights of plaintiff and other recipients in placing the calls.

13.    Plaintiff suffered damages as a result of receipt of the calls. Furthermore, plaintiff's statutory right of privacy was invaded.

14.    Plaintiff is entitled to statutory damages.

15.    Defendants violated the TCPA even if their actions were only negligent.

16.    Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

17.    Plaintiff incorporates paragraphs 1-16.

18.    The TCPA directs the Federal Communications Commission, 47 U.S.C. §227(c), to issue rules "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."

19.    The TCPA regulations provide, at 47 C.F.R. §64.1200:

**(d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:**

2

(1) **Written policy.** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) **Training of personnel engaged in telemarketing.** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) **Recording, disclosure of do-not-call requests.** If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) **Identification of sellers and telemarketers.** A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) **Affiliated persons or entities.** In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) **Maintenance of do-not-call lists.** A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made. . . .

20. The TCPA provides, at 47 U.S.C. §227(c)(5):

(5) **Private right of action.** A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if

3

otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--

      **(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,**

      **(B) an action to recover for actual monetary loss from such a violation, or to receive up to $ 500 in damages for each such violation, whichever is greater, or**

      **(C) both such actions.**

      **It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

      (1)    Actual damages;

      (2)    Statutory damages;

      (3)    An injunction against further violations;

      (4)    Costs of suit;

      (5)    Such other or further relief as the Court deems just and proper.

            s/Daniel A. Edelman
            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine M. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

Johanna Russ certifies under penalty of perjury, as provided by section 28 U.S.C.§ 1746, that the statements in the foregoing complaint are true to the best of her knowledge and belief.

Johanna Russ

6

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28927\Pleading\Complaint_Pleading.wpd