FILED
10/22/2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHANNA RUSS, | ) | |
| | ) | |
| Plaintiff, | ) | 13-cv-7105 |
| | ) | |
| vs. | ) | Judge Wood |
| | ) | |
| DIRECT ENERGY SERVICES, LLC, | ) | |
| AGR GROUP, LLC and DOES 1-10, | ) | Magistrate Judge Valdez |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

1.    Plaintiff Johanna Russ brings this action to secure redress for the placement of illegal telemarketing calls to her cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §1331.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

3.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

     a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

     b.    Have transacted or done business in Illinois.

4.    Venue in this District is proper for the same reason.

### PARTIES

5.    Plaintiff Johanna Russ is a resident of the Northern District of Illinois.

6.    Defendant Direct Energy Services, LLC ("Direct Energy") is a Delaware limited liability company. Its registered agent and office is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025, or CT Corporation Services, 208 S. LaSalle Street,

Suite 814, Chicago, IL 60604.

7.     Defendant AGR Group, LLC ("AGR") is a Nevada limited liability company.

Its registered agent and office is CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las

Vegas, NV 89119.

8.     Defendants Does 1-10 are other persons responsible for the calls complained of.

## FACTS

9.     The number (616) 258-2312 is used to place telephone calls on behalf of Direct

Energy.

10.     Between June 2013 and October 2013, plaintiff received at least 112

telemarketing calls from (616) 258-2312 to her cell phone.

11.     Each of the calls placed to Plaintiff's cell phone from (616) 258-2312 were placed

on behalf of Defendant, Direct Energy.

12.     Each of the calls placed to Plaintiff's cell phone from (616) 258-2312 were placed

on behalf of Direct Energy by AGR.

13.     Plaintiff had at one point been a customer of Direct Energy, but cancelled services

and stated that she did not want further marketing calls.

14.     Plaintiff made such a request that Defendant cease contacting her on June 17,

2013 and, when she was still contacted, again on June 20, 2013.

15.     Therefore, for all calls placed to Plaintiff's cell phone after June 17, 2013, neither

AGR nor Direct Energy had any consent to call Plaintiff's cell phone.

16.     Defendants either negligently or wilfully violated the rights of plaintiff and other

recipients in placing the calls.

17.     Direct Energy does not have a policy or procedure in place to prevent calls from

being placed on its behalf to individuals who request that Direct Energy cease contacting them.

18.     AGR does not have a policy or procedure in place to prevent calls from

being placed on its behalf to individuals who request that AGR cease contacting them.

19.     Any policy or procedure in place to prevent calls from being placed on Direct Energy's behalf to individuals who request that Direct Energy cease contacting them is unreasonable and improperly implemented, as demonstrated by the number of calls Plaintiff received after requesting that Direct Energy cease contacting her.

20.     Direct Energy used AGR to place the phone calls to Plaintiff's cell phone.

21.     On information and belief, the telephone calls were placed using predictive dialers. Predictive dialers place telephone calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient to a debt collector.

22.     Any authorization to call Plaintiff on her cell phone was rescinded by her June 17, 2013 request for Defendants to cease contacting her.

23.     Between June 17, 2013 and October 12, 2013, Defendants called Ms. Russ on her cell phone approximately 112 times.

24.     Plaintiff suffered damages as a result of receipt of the calls. Furthermore, plaintiff's statutory right of privacy was invaded.

25.     Plaintiff is entitled to statutory damages.

26.     Defendants violated the TCPA even if their actions were only negligent.

27.     Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA - "DO NOT CALL" REQUEST

28.     Plaintiff incorporates paragraphs 1-27.

29.     The TCPA directs the Federal Communications Commission, 47 U.S.C. §227(c), to issue rules "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."

30.     The TCPA regulations provide, at 47 C.F.R. §64.1200:

**(d) No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:**

3

**(1) Written policy.** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

**(2) Training of personnel engaged in telemarketing.** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

**(3) Recording, disclosure of do-not-call requests.** If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

**(4) Identification of sellers and telemarketers.** A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

**(5) Affiliated persons or entities.** In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

**(6) Maintenance of do-not-call lists.** A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made. . . .

31.     The TCPA provides, at 47 U.S.C. §227(c)(5):

**(5) Private right of action.** A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if

otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $ 500 in damages for each such violation, whichever is greater, or

(C) both such actions.

It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

(1)     Actual damages;

(2)     Statutory damages;

(3)     An injunction against further violations;

(4)     Costs of suit; and

(5)     Such other or further relief as the Court deems just and proper.

## COUNT II – TCPA - USE OF PREDICTIVE DIALERS

32.     Plaintiff incorporates paragraphs 1-27.

33.     The TCPA, 47 U.S.C. §227, provides:

§ 227. Restrictions on use of telephone equipment

. . . (b) Restrictions on use of automated telephone equipment.

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or

5

prerecorded voice–

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

34.     The TCPA,  47 U.S.C. §227(b)(3), further  provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

35.     Direct Energy violated the TCPA by placing automated calls to plaintiff's cell phone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(a)     Statutory damages;

(b)     An injunction against further violations;

(c)     Costs of suit; and

(d)     Such other or further relief as the Court deems just and proper.

## COUNT III - ILLINOIS CONSUMER FRAUD ACT

36.     Plaintiff incorporates paragraphs 1-27.

6

37.     Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by calling Plaintiffs cell phone at least 112 times in approximately four month period.

38.     Defendants engaged in such conduct in the course of trade and commerce.

39.     Defendants engaged in such conduct for the purpose of obtaining money from plaintiff in the form of attempting to harass Plaintiff into re-subscribing to Defendant Direct Energy's services.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants:

(a)     For any actual and compensatory damages;

(b)     For attorney's fees, litigation expenses and costs of suit; and

(c)     For such other and further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine M. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

7

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28927\Pleading\Complaint_Pleading.wpd